# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOHNSONVILLE SAUSAGE LLC,**
        Plaintiff,

    v.                                                  Case No. 16-CV-938

**KLEMENT SAUSAGE CO. INC.,**
        Defendant.

---

## DECISION AND ORDER

Johnsonville Sausage LLC brings this action against Klement Sausage Co. Inc. alleging infringement of its patent on "[t]he ornamental design for a sausage tray." U.S. Patent No. D633,754. Klement moves for summary judgment.

### I. BACKGROUND

In January 2010, Johnsonville applied for a utility patent and a design patent on a sausage tray with curved end walls, which looks as follows:



Johnsonville's utility patent application claimed that a sausage tray with curved end walls keeps nested sausages from shifting and eliminates empty space. *See* U.S. Patent Application No. 12/685,717. Patent examiner Bryon Gehman rejected Johnsonville's utility claims as anticipated by and obvious in light of prior art disclosing sausage trays with similar features that achieve the same purposes. *See* U.S. Patent Nos. 5,770,249 & 5,393,539. Johnsonville later abandoned its utility patent application.

Johnsonville's design patent application claimed the appearance of a sausage tray with curved end walls extending up and out from its base, as shown ("[t]he broken line[s] . . . are for purposes of illustration only, and form no part of the claimed design"):



U.S. Patent Application No. 29/353,610. Patent examiner Dana Sipos allowed Johnsonville's design claim, and the U.S. Patent and Trademark Office (PTO) granted its design patent. Johnsonville never disclosed to Sipos its utility patent application, Gehman's rejection of its utility claims, or the specific prior art that Gehman cited.

## II. SUMMARY JUDGMENT

Klement argues that when Johnsonville withheld information about its utility patent application from Sipos, it breached its duty of candor and good faith in dealing with the PTO, "which includes a duty to disclose . . . all information known . . . to be

2

material to patentability." See 37 C.F.R. § 1.56(a). According to Klement, Johnsonville's breach amounts to inequitable conduct, rendering Johnsonville's design patent unenforceable and entitling Klement to judgment as a matter of law.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. Because the remedy for inequitable conduct is unenforceability, the "atomic bomb" of patent law, "[t]he accused infringer must prove both elements—intent and materiality—by clear and convincing evidence." *Id.* at 1287–88 (quoting *Aventis Pharma S.A. v. Amphastar Pharm., Inc.*, 525 F.3d 1334, 1349 (Fed. Cir. 2008) (Rader, J., dissenting)).

### A. Materiality

Klement fails to prove materiality. For the most part, it applies the wrong materiality standard, arguing that Johnsonville withheld information "material to patentability" as the PTO defines it. The PTO's definition of materiality does not apply in patent cases where inequitable conduct is raised, as it is "overly broad," "encompass[ing] anything that could be considered marginally relevant to patentability." *Id.* at 1293–95. "[S]uch a low bar for materiality" does not reflect the seriousness and "far-reaching consequences" of a finding of inequitable conduct. *See id.* at 1289, 1294. Rather, "the materiality required to establish inequitable conduct is but-for materiality," meaning that the accused infringer must show that "the PTO would not have allowed a claim" but for some nondisclosure by the applicant. *Id.* at 1291.

3

To the limited extent that Klement applies the right materiality standard, its arguments still fail. It first argues that Johnsonville's utility patent application is material because it would have shown Sipos that the curved walls of Johnsonville's tray are functional, not ornamental. This argument assumes that ornamentality and functionality are mutually exclusive. To the contrary, "[a]rticles of manufacture may possess both." U.S. Patent & Trademark Office, *Manual of Patent Examining Procedure* § 1502.01 (9th ed. rev. Nov. 2015). In fact, "the design embodied in or applied to an article of manufacture (or portion thereof)" is distinct from "the article itself" and "cannot be assumed to lack ornamentality merely because the article of manufacture would seem to be primarily functional." *Id.* §§ 1502, 1504.01(c)(I).

Klement also argues that Gehman's rejection of Johnsonville's utility claims as anticipated and obvious and the prior art he cited are material because they would have shown Sipos that the curved walls of Johnsonville's sausage tray lack novelty and nonobviousness. But, Gehman only assessed the *functional* novelty and nonobviousness of Johnsonville's tray, not the *ornamental* novelty and nonobviousness of the design embodied in it. A design does not lack novelty or nonobviousness merely because the article in which it is embodied does. *See generally id.* § 1504. Further, Klement does not explain how the prior art that Gehman cited adds to the prior art that Johnsonville disclosed to Sipos. *Compare* U.S. Patent No. 5,820,904, *and* European Patent Application No. EP1997618, *with* '249 Patent, *and* '539 Patent. Prior art that "teaches no more than . . . the prior art already before" the examiner is cumulative. *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1575 (Fed. Cir.

4

1997). Cumulative prior art is "*not* material for the purposes of inequitable conduct." *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1319 (Fed. Cir. 2006).

### B. Intent

Klement also fails to prove deceptive intent. It argues that I can infer intent from the "clear materiality" of the undisclosed information and Johnsonville's awareness of that information. *See* ECF No. 14, at 3–4. However, this is not enough to satisfy the intent requirement. *Therasense*, 649 F.3d at 1290. Rather, "the accused infringer must prove . . . that the applicant knew of the [information], knew that it was material, and made a deliberate decision to withhold it." *Id.* Further, the record must "*require* a finding of deceitful intent." *Id.* (quoting *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 873 (Fed. Cir. 1988)). Klement fails to show that the record here would even permit, much less require, such a finding.

### III. CONCLUSION

For the foregoing reasons, I will deny Klement's motion for summary judgment. This decision and order moots Klement's motion to stay discovery pending a decision on its summary judgment motion, so I will deny that motion, as well.

I will also deny Johnsonville's motion to strike portions of Klement's reply brief and its motion in the alternative to file a sur-reply. "Collateral motions, such as motions to strike, are disfavored." Civil L. R. 56(b)(9) (E.D. Wis.). Also, Johnsonville's motion to strike and its proposed sur-reply both concern issues of patent validity, as opposed to inequitable conduct, that were not properly raised on summary judgment.

Johnsonville moves to seal two documents filed along with its proposed sur-reply. Neither these documents nor the sur-reply itself were pertinent to the issues

5

raised on summary judgment, so I did not consider them. Documents that do not "influence or underpin" a "judicial decision" need not be made "open to public inspection." *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

**THEREFORE, IT IS ORDERED** that Klement's motion for summary judgment, also styled as a motion to dismiss, (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Klement's motion to stay discovery (ECF No. 19) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Johnsonville's motions to strike or, in the alterative, for leave to file a sur-reply (ECF No. 24) are **DENIED**.

**IT IS FURTHER ORDERED** that Johnsonville's motion to seal (ECF No. 28) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge