UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNSONVILLE SAUSAGE LLC,
        Plaintiff,

v.                                                                                         Case No. 16-C-938

KLEMENT SAUSAGE CO. INC.,
        Defendant.

## ORDER

Johnsonville Sausage LLC brings this action against Klement Sausage Co. Inc. alleging infringement of its patent on "[t]he ornamental design for a sausage tray." U.S. Patent No. D633,754. Klement asserts an affirmative defense and brings a counterclaim alleging that Johnsonville withheld material information concerning a co-pending utility patent application from the patent examiner assigned to its design patent application and thereby breached its duty of candor and good faith in dealing with the U.S. Patent and Trademark Office (PTO), "which includes a duty to disclose . . . all information known . . . to be material to patentability." *See* 37 C.F.R. § 1.56(a). According to Klement, Johnsonville's breach amounts to inequitable conduct, rendering Johnsonville's design patent unenforceable. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc).

To establish inequitable conduct, "the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. Because the remedy for inequitable conduct is unenforceability, the "atomic bomb" of patent law, "[t]he accused infringer must prove both elements—intent and materiality—by clear and convincing evidence." *Id.* at 1287–

88 (quoting *Aventis Pharma S.A. v. Amphastar Pharm., Inc.*, 525 F.3d 1334, 1349 (Fed. Cir. 2008) (Rader, J., dissenting)).

In hopes of meeting its burden of proof, Klement has sought to depose attorneys involved in prosecuting Johnsonville's patent applications, as well as inventors credited in those applications, and requested that Johnsonville produce documents related to those prosecutions. Johnsonville, mainly asserting attorney-client privilege, has resisted Klement's discovery requests. As a result, Johnsonville and Klement respectively seek a protective order and to compel discovery regarding inequitable conduct.

Yet, I am skeptical that Klement can prove inequitable conduct, even if I were to compel the discovery it seeks. Early in this litigation, Klement moved for summary judgment based on inequitable conduct. I denied that motion noting that Klement failed to prove either materiality or intent. Since then, Klement seems to have been focused on gathering evidence of intent—for example, it has sought discovery regarding what the prosecuting attorneys and inventors knew at the time and why they acted as they did—but even if Klement can establish intent, it must still prove materiality. "After all, the patentee obtains no advantage from misconduct," so there is no need to render a patent unenforceable, "if the patent would have issued anyway." *See id.* at 1292.

"[T]he materiality required to establish inequitable conduct is but-for materiality," meaning that an accused infringer must show that "the PTO would not have allowed a claim" but for some nondisclosure by the applicant. *Id.* at 1291. Klement continues to assert the materiality of the same undisclosed information it cited in seeking summary judgment. I denied Klement's summary judgment motion primarily because it failed to show that disclosure of any of that information would have affected the PTO's decision

2

to allow Johnsonville's design claim. Klement has not since shown that any information Johnsonville withheld is material in the sense required to prove inequitable conduct, and I cannot discern how the discovery it asks me to compel would change that.

Where a court is skeptical that a party can prove a claim or defense, it "can consider summary judgment on its own" after "identifying . . . material facts that may not be genuinely in dispute" and "giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(3); *see Williams v. Wahner*, 731 F.3d 731, 733 (7th Cir. 2013). Here, that information material to patentability was *not* withheld from the patent examiner during the prosecution of Johnsonville's design patent application may not be genuinely in dispute. Thus, I will consider summary judgment on Klement's inequitable conduct defense and counterclaim after giving it time to respond.

**THEREFORE, IT IS ORDERED** that, within **10 days** after the date of this order, Klement may respond to show cause why I should not grant summary judgment on its inequitable conduct defense and counterclaim in Johnsonville's favor. At that time, whether Klement has responded, I will consider summary judgment on that defense and counterclaim. If Klement responds, Johnsonville need not reply to its response unless ordered to do so.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2018.

                                           s/Lynn Adelman_____
                                           LYNN ADELMAN
                                           District Judge