UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOHNSONVILLE SAUSAGE LLC,**
        Plaintiff,

    v.                                                      Case No. 16-C-938

**KLEMENT SAUSAGE CO INC.,**
        Defendant.

## ORDER

Johnsonville Sausage LLC brings this action against Klement Sausage Co. Inc. alleging infringement of its patent on "[t]he ornamental design for a sausage tray." U.S. Patent No. D633,754. Klement brings certain counterclaims and defenses including inequitable conduct and invalidity of the patent; Johnsonville moves for summary judgment on these counterclaims and defenses. Further, Klement moves for claim construction and for summary judgment on the infringement claim. Because I conclude that there are no material factual disputes with respect to the issue of obviousness, and the facts compel a finding that the claimed design is obvious as a matter of law, I will grant summary judgment to Klement on its invalidity defense and dismiss Johnsonville's infringement claim.

### I. UNDISPUTED FACTS

Plaintiff Johnsonville, LLC and defendant Klement Sausage Co., Inc. both manufacture fresh dinner sausage for retail sale and are competitors of each other. Johnsonville holds U.S. Patent No. D633,764 (the "'764 Patent"), which is dated Mar. 8, 2011 and titled "Sausage Tray." ECF # 1-1.

1

The '764 Patent has 12 figures which make up the claimed design. Figures 7-12[1] are reproduced here. The unbroken lines that denote the claimed design are located on the curved end walls of the sausage tray. Broken lines indicate disclaimed features. *Apple Inc. v. Samsung Electronics Co.*, 678 F.3d 1314, 1317 (Fed. Cir. 2012). Figures 7 and 8 show the inside of the sausage tray. Figure 12 shows the outside of the sausage tray. Figures 9, 10 and 11 show side views.





---

[1] Figures 1-6 depict a different embodiment of the same claimed design, this one with scalloped edges. The solid-line features—i.e., the claimed features—of both embodiments are the same. ECF # 113-1 at ¶ 9.

2

Klement's accused sausage tray looks like this:



Before Johnsonville began using the claimed design, it packaged sausages in rectangular foam trays, as did other sausage manufacturers. ECF # 142 at ¶¶ 2, 38.

 

## II.  CLAIM CONSTRUCTION

"In construing a design patent claim, the scope of the claimed design encompasses its visual appearance as a whole, and in particular the visual impression it creates." *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1376 (Fed. Cir. 2002), abrogated on other grounds by *Egyptian Goddess, Inc. v. Swisa Inc.,* 543 F.3d 665 (Fed. Cir. 2008). Design patents typically are claimed as shown in drawings, and the Federal Circuit has indicated that those drawings are often the most effective description of the claimed design; therefore "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess*, 543 F.3d at 665. I find that

3

approach appropriate here, and I will construe the claim asserted in the patent as meaning sausage tray end walls of the design depicted in Figures 7-12, above. *See Contessa Foods*, 282 F.3d at 1377 (approving district court's construction of the asserted claim as meaning "a tray of a certain design as shown in Figures 1-3"). I add that the claimed design is narrow, limited only to the end walls and not encompassing any other part of the tray (i.e., base, side walls, or rim). Features encompassed in the claim include, for example, the end walls' curvature, proportion to each other, distance from each other, depth, and the angles at which they are positioned relative to the base and sides of the tray.

### III. SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those facts that might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over such facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. *Id.*

The movant bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the court concludes there is no genuine issue of material fact but that the law compels a judgment in favor of the non-movant, it may grant summary judgment in favor of the non-movant, even in the absence of a cross-motion for summary judgment,

so long as the movant has been provided with an adequate opportunity to present its evidence and arguments. *See* 10A Charles A. Wright et al., *Federal Practice and Procedure* *971 § 2720 (1998); *see also Kassbaum v. Steppenwolf Productions, Inc.,* 236 F.3d 487, 494 (9th Cir.2000), *cert. denied,* 534 U.S. 815, 122 S.Ct. 41, 151 L.Ed.2d 13 (2001)("It is generally recognized that a court has the power sua sponte to grant summary judgment to a non-movant when there has been a motion but no cross-motion."); *Goldstein v. Fidelity & Guar. Ins. Underwriters,* 86 F.3d 749, 750-51 (7th Cir.1996)(holding that grant of summary judgment to non-movant was proper where movant knew summary judgment was being considered, district court agreed there were no material factual disputes, but found that facts compelled judgment in favor of non-movant as a matter of law); *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Village of Orland Park,* 139 F.Supp.2d 950, 957 (N.D.Ill.2001) ("This judicial power furthers the policy goals of Federal Rule of Civil Procedure 56, in that it enables a court to promptly dispose of a case in which there are no genuine issues of material fact."). In the present case, Klement requested in its brief that I grant summary judgment on its invalidity claim but did not file a formal summary judgment motion. However, under the authority cited above, I am authorized to grant summary judgment with respect to the issue.

        B. Obviousness

Design patents are presumed to be valid, and the accused infringer bears the burden to prove invalidity by clear and convincing evidence. *Ethicon Endo-Surgery v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed.Cir. 2015). A design patent is invalid for obviousness "if the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Apple,* 678 F.3d at 1329. Further,

5

> [t]o determine whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design, the finder of fact must employ a two-step process. First, one must find a single reference, a something in existence the design characteristics of which are basically the same as the claimed design. Second, other references may be used to modify the primary reference to create a design that has the same overall visual appearance as the claimed design. However, the secondary references may only be used to modify the primary reference if they are so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other.

*Id.* at 1329-1330. Common sense may inform a court's analysis of obviousness if explained with sufficient reasoning. *Perfect Web Technologies, Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1328 (2009).

I have authority to consider any of the references supplied by the parties as a primary reference. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1381 (2009). U.S. Patent No. 3,761,011 (the "'011 Patent"), which is pictured here, provides a straightforward primary reference. Again, the focus is exclusively on the end walls. The '011 patent is a patent for a generic food tray. ECF # 143 at ¶ 100.



Like the end walls in Johnsonville's claimed design, the end walls in the '011 Patent tray are of consistent height and angled gently outward from the floor of the tray. *Id.* at ¶¶ 105, 106. Though measurements are not provided for the depth or width of the end walls or their distance from each other, the ratio of the depth, width and spacing of the end walls in the '011 Patent create the same visual impression as the ratio of the depth, width and spacing of the end walls in the claimed design. The smooth surface of the

end walls and soft angles at the places where the end walls join the floor, rim and side walls of the tray are also visually consistent between the '011 Patent and the claimed design. Indeed, the only visual difference between the end walls in the '011 Patent and those in Johnsonville's claim is that the '011 end walls create the visual impression of parallel, outward-leaning flat surfaces whereas Johnsonville's claimed end walls create the visual impression of parallel, outward-leaning curved surfaces. Reinforcing that the '011 Patent is an appropriate primary reference for the present claim is its



striking similarity to the rectangular sausage tray, pictured here, which Johnsonville used before it adopted the tray with the curved end walls that are the subject of its claim. No reasonable trier of fact could find that the end walls of the '011 Patent are not an appropriate primary reference for the design of the end walls in Johnsonville's claim.

U.S. Patent No. D198,544 (the "'544" Patent") supplies the missing element, which is the curvature of the opposing walls. The '544 Patent depicts a design for a banana tray with parallel curved walls. The parallel curves of the walls from the '544 Patent may readily be used to modify the smooth, outward leaning walls of the '011 Patent to create the same visual impression as the walls in Johnsonville's claim. Again, no trier of fact could find otherwise.

However, I may only use the walls of the '544 Patent to modify the walls of the '011 Patent so as to find obviousness if the walls in the '544 patent are so related to the walls in the '011 Patent that that the appearance of the curves in one would suggest the



7

application of those curves to the other. *See Apple,* 678 F.3d at 1330. Again, I think this is so obviously true that no trier of fact could find otherwise. Both are walls of a flat-bottomed foam food tray. Both are smooth and join smoothly with the base of the tray. The convex-curving, "outer" wall of the tray in the '011 Patent is of a consistent height and joins smoothly with the side walls of the tray, just as the end walls of the '544 patent are of even height and join smoothly with the side walls of the tray. It is true that the concave-curving, "inner" wall of the '011 Patent differs in that it is not of even height; it is



tallest at the middle and tapers to meet the floor of the tray at the corners. It is also true that the distance between the curved walls of the '011 Patent is less than the distance between the end walls of the '544 Patent. But these are not differences that would make any less obvious the application of the '011 Patent's curves to the '544 Patent's end walls. We are in the realm of common sense. I conclude that in light of the end walls of '544 Patent, Johnsonville's own prior tray, and the '011 patent, the end walls claimed in Johnsonville's '764 Patent are obvious and the patent is therefore invalid. I will grant summary judgment to Klement on its validity counterclaim and defense.

## IV. CONCLUSION

The determination that the '544 Patent is invalid moots both Klement's motion for summary judgment that it did not infringe the patent and Johnsonville's motion for summary judgment on the inequitable conduct, which is an equitable defense to infringement. Both motions shall be denied as moot.

Therefore, **IT IS ORDERED** that Johnsonville's motion for summary judgment of validity (ECF # 87) is **DENIED.**

**IT IS FUTHER ORDERED** that summary judgment is granted to Klement on the basis of invalidity.

**IT IS FURTHER ORDERED** that U.S. Patent No. D633,764 is invalid on grounds of obviousness.

**IT IS FURTHER ORDERED** that Klement's motion for summary judgment (ECF # 81) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Johnsonville's motion for summary judgment of no inequitable conduct is **DENIED AS MOOT.**

Dated at Milwaukee, Wisconsin, this 27th day of March, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge